**Charles A. SMITH, Appellant,**

**v.**

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–166.**

United States Court of Veterans Appeals.

Feb. 21, 1992.

Before STEINBERG, Associate Judge.

### ORDER

The Board of Veterans' Appeals (BVA or Board) entered a decision in this case on November 28, 1989, denying service connection for an acquired psychiatric disorder and a left-eye disorder. Service connection

for each condition had been denied previously by final BVA decisions in September 1977 and December 1985, respectively.

On May 15, 1991, appellant filed his informal brief. On July 17, 1991, the Secretary of Veterans Affairs (Secretary), after receiving an extension of time to file a response, filed a motion to remand the case to the Board for it to determine whether the most recent evidence submitted is new and material, and, if so, to evaluate both the old and the new evidence in connection with appellant's claim. Following a December 17, 1991, Court order to respond to the motion for remand, appellant on December 31, 1991, opposed the motion, although he does not state any reasons.

■■■ The determination as to whether evidence submitted to reopen a previously disallowed claim is new and material under 38 U.S.C. § 5108 (formerly § 3008) is a question of law which this Court reviews de novo. *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). Evidence is "material" if there is a reasonable possibility that the new evidence, viewed in the context of the old, would change the outcome. *Ibid.* In the present case, the evidence submitted by the veteran to reopen his previously denied claim does not appear to have been material. On consideration of the foregoing, it is

ORDERED, sua sponte, that the parties, not later than 30 days after the date of this order, show cause why the case should not be summarily affirmed on the grounds that there is a lack of new and material evidence to justify reopening the previously disallowed claims. In his response, the Secretary should address whether 38 U.S.C. § 7103(c) (formerly § 4003) would authorize the Board, on its own motion, to readjudicate de novo a previously disallowed claim, when no new and material evidence was presented or secured to "reopen" the claim, in order to determine whether "obvious error" existed in the record of a prior final BVA decision that should be corrected; and, if so, whether that authority is asserted as a basis for the remand sought by the Secretary in this case. It is further

ORDERED, sua sponte, that the Secretary's motion for remand is held in abeyance pending further order of the Court.